IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 09 CR 830 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| TAHAWWUR RANA | ) | |

**GOVERNMENT'S PROPOSED**
**JURY INSTRUCTIONS AND VERDICT FORM**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, respectfully submits the following set of

proposed jury instructions and verdict forms in the above captioned matter.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:      s/Sarah Streicker
SARAH STREICKER
VICTORIA PETERS
DANIEL COLLINS
Assistant United States Attorneys
Dirksen Federal Building
219 South Dearborn Street, Suite 500
Chicago, IL 60604
(312) 353-5300

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say to you now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee (1999) 1.01

2

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee (1999) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

GOVERNMENT INSTRUCTION NO. 3

Seventh Circuit Committee (1999) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee (1999) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eye witness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1999) 1.05

6

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1999) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee (1999) 1.07

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1999) 1.09

The indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

Count Nine of the indictment in this case charges that the defendant conspired to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such support or resources, to conspiracies to commit terrorist acts in India.

Count Eleven charges that the defendant conspired to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such support or resources, to a conspiracy to commit terrorist acts in Denmark.

Count Twelve charges that the defendant provided material support or resources to a foreign terrorist organization, namely, *Lashkar e Tayyiba*.

The defendant has pleaded not guilty to the charges.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1999) 2.01

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee (1999) 2.03

*[MODIFY IF NECESSARY]* The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee (1999) 3.01

*[IF NECESSARY]* You have received evidence of a statement said to be made by the defendant to law enforcement agents. You must decide whether the defendant did in fact make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (1999) 3.02

You have heard evidence of acts of the defendant other than those charged in the indictment. You may consider this evidence only on the questions of predisposition, motive, opportunity, intent, preparation, plan, knowledge, identity, presence, or absence of mistake or accident. You should consider this evidence only for this limited purpose.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1999) 3.04

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (1999) 3.07

[IF NECESSARY] You have heard evidence that before the trial, witnesses made statements that may be inconsistent with the witness's testimony here in court.  If you find that it is inconsistent, you may consider the earlier statement *[only]* in deciding the truthfulness and accuracy of that witness's testimony in this trial. *[You may not use it as evidence of the truth of the matters contained in that prior statement.] [If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.]*

GOVERNMENT INSTRUCTION NO. 15

Seventh Circuit Committee (1999) 3.09

*[IF NECESSARY]* You have heard evidence that David Headley has been convicted of a crime. You may consider this evidence only in deciding whether David Headley's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

GOVERNMENT INSTRUCTION NO. 16

Seventh Circuit Committee (1999) 3.11

You have heard testimony from David Headley who:

(a)     received benefits from the government in connection with this case, namely, the possibility of a reduced sentence and the government's agreement not to seek the death penalty in exchange for his truthful testimony;

(b)     stated that he was involved in the commission of the offenses, as charged against the defendant; and

(c)     has pleaded guilty to offenses arising out of the same occurrences for which the defendant is now on trial.  His guilty plea is not to be considered as evidence against the defendant.

You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

GOVERNMENT INSTRUCTION NO.  17

Seventh Circuit Committee (1999) 3.13

Certain summaries are in evidence.  They truly and accurately summarize the contents of voluminous books, records, or video tapes, and should be considered together with and in the same way as all other evidence in the case.

GOVERNMENT INSTRUCTION NO. 18

Seventh Circuit Committee (1999) 3.15

**ENGLISH-LANGUAGE RECORDINGS** *[IF NECESSARY]*

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them, just as any other evidence.

When the recordings were played during the trial, you were furnished with transcripts of the recorded conversations.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listened to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And, if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a player. You are not required to play the recordings, in part or in whole. You may rely, instead, on your recollections of these recordings as you heard them at trial. If you do decide to listen to and watch a recording and wish to have the transcript corresponding to that recording, ask the Marshal in writing and the transcript will be given to you. You may choose to listen to and watch the recording without the transcript.

GOVERNMENT INSTRUCTION NO. 19

Seventh Circuit Committee (1999) 3.17

**FOREIGN LANGUAGE RECORDINGS**

Among the exhibits admitted during the trial were recordings that contained conversations in the Urdu language. You were also provided with English transcripts of those conversations. The transcripts were provided to you by the government so that you could consider the content of the conversations on the recordings.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced at trial.

GOVERNMENT INSTRUCTION NO. 20

Seventh Circuit Committee (1999) 3.18

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

GOVERNMENT INSTRUCTION NO. 21

*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994).

## **COUNT NINE**

Count Nine of the Second Superseding Indictment alleges that beginning no later than approximately late 2005, and continuing through on or about October 3, 2009, the defendant conspired with David Headley and others to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such material support or resources, to one of two conspiracies charged against David Headley and certain defendants in the Second Superseding Indictment, namely, the conspiracy to bomb places of public use in India charged in Count One or the conspiracy to murder and maim in India charged in Count Two. For Count Nine, the "material support or resources" need not have been provided to a particular or specified terrorist or terrorist group.

To sustain the charge of conspiracy as alleged in Count Nine, the government must prove two elements:

First, that a conspiracy to provide material support or resources or to conceal or disguise the nature, location, source and ownership of such material support or resources existed, as charged in Count Nine; and

Second, that the defendant became a member of the conspiracy, knowing or intending that the material support or resources provided, or concealed or disguised, were to be used in preparation for, or in carrying out, one of the two conspiracies charged in Counts One and Two of the Second Superseding Indictment.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.

A conspiracy may be established even if its purpose is not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning, or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

Further, while the government must prove that the defendant knew or intended that the material support or resources in question were to be used in preparation for, or in carrying out, one of the two conspiracies charged in Counts One and Two of the Second Superseding Indictment, the government need not prove that the defendant himself or others actually bombed places of public use in India or actually committed murder and maiming in India, or that there were specific targets or victims identified.

GOVERNMENT INSTRUCTION NO. 22

Seventh Circuit Committee (1999) 5.08 (modified). *See also Boim v. Holy Land Foundation for Relief and Development*, 549 F.3d 685, 692 (7th Cir. 2008) ("[B]ecause the criminal law focuses on the dangerousness of a defendant's conduct, the requirement of proving that a criminal act caused an injury is often attenuated and sometimes dispensed with altogether, as in the statutes that impose criminal liability on providers of material support to terrorism (18 U.S.C. § 2339A, B, and C), which

do not require proof that the material support resulted in an actual terrorist act . . ..”); *United States v. Hassoun*, 476 F.3d 1181, 1188 (11th Cir. 2007) (to prove a defendant guilty of violating Section 2339A, the government need not prove the elements of the predicate offense because the predicate offense “need not have been completed yet, let alone proven as an element of the material support offense”); *United States v. Stewart*, 590 F.3d 93, 119 (2d Cir. 2009) (“government need not have established beyond reasonable doubt that [the defendants] engaged in a conspiracy to kidnap or commit murder abroad [the underlying enumerated offense]; neither was charged with doing either. Instead, both were charged with and convicted of violating section 2339A . . .”).

To establish the existence of the conspiracy charged Count Nine and its common purpose or purposes, the government need not establish that there existed a formal agreement to conspire. The agreement may be inferred from all the circumstances and conduct of all the alleged participants. The conspiracy may be proved by circumstantial evidence and reasonable inferences drawn from that evidence and the totality of their conduct.

GOVERNMENT INSTRUCTION NO. 23

*United States v. Armstead*, *et al.*, 02 CR 895 (Pallmeyer, J.); *United States v. Katalinich*, 113 F.3d 1475, 1482-83 (7th Cir. 1997); *United States v. Marren*, 890 F.2d 924, 933 (7th Cir. 1989); *United States v. Hooks*, 848 F.2d 785, 792 (7th Cir. 1988); and *United States v. Redwine*, 715 F.2d 315, 320 (7th Cir. 1983).

The term "material support or resources" for purposes of Count Nine is defined to include:

- tangible property,

- money,

- false documentation or identification,

- personnel, or

- expert advice or assistance.

The term "provide" means to make available, furnish, or supply.

The term "personnel" means one or more persons, which can include the defendant's own person.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

In determining whether the defendant conspired to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such material support or resources, you must all agree that the defendant conspired to provide or conceal or disguise at least one of the forms of "material support or resources" listed above, however, you need not agree that the defendant conspired to provide each and every one. In order to find the defendant guilty of Count Nine, you must unanimously agree on at least one of the forms of "material support or resources" listed above.

GOVERNMENT INSTRUCTION NO. 24

18 U.S.C. § 2339A(b)(1) and (b)(2); 18 U.S.C. § 2339B(h). *See United States v. Sattar*, 314 F. Supp.2d 279, 296-97 (S.D.N.Y. 2004) ("The term 'provides' is not defined in § 2339A. Where words in a statute are not defined, they must be given their ordinary meaning. The plain and ordinary meaning of the transitive verb 'provide' is '[t]o furnish; supply . . . [t]o make ready . . . [t]o make available; afford.") (internal quotations and citations omitted).

When the word "knowing" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident. Knowledge may be proved by a defendant's conduct, and by all the facts and circumstances surrounding the case.

You may infer knowledge from a combination of suspicion or indifference to the truth. If you find that a person had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet shut his eyes for fear of what he would learn, you may conclude that he acted knowingly, as I have used that word.

GOVERNMENT INSTRUCTION NO. 25

Seventh Circuit Committee (1999) 4.06

The phrase "a conspiracy to bomb places of public use in India" means an agreement between two or more individuals to deliver, place, discharge, or detonate an explosive or other lethal device in, into, or against a place of public use, a state or government facility, a public transportation system, or an infrastructure facility with the intent to cause death or serious bodily injury or with the intent to cause extensive destruction where such destruction results in or is likely to result in major economic loss, and any victim is a national of the United States or a perpetrator is found in the United States or is a national fo the United States.

The phrase "a conspiracy to murder and maim in India" means an agreement between two or more individuals to commit in India an act that would constitute the offense or murder or the offense of maiming if committed in the United States, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy.

The government need not prove that the defendant knew that his actions violated a specific statute or that he was breaking the law. It is sufficient for the government to prove that the defendant acted with the knowledge or intent that the material support or resources that he conspired to provide or conceal or disguise the nature, location, source and ownership thereof would be used in preparation for, or in carrying out, one of the conspiracies described above.

GOVERNMENT INSTRUCTION NO. 26

18 U.S.C. § 2339A; 18 U.S.C. 2332f(a)(1) and 18 U.S.C. § 956(a)(1).

The Second Superseding Indictment has alleged that the death of individuals resulted from the offense charged in Count Nine. To prove the defendant guilty of Count Nine, the government does not have to prove that death resulted. If you find the defendant guilty of Count Nine, however, you then must determine whether the government has proven beyond a reasonable doubt that the death of individuals resulted from the offense charged in Count Nine. If you find the defendant guilty of Count Nine and conclude that death resulted, you should note that finding on the verdict form. If you find the defendant guilty of Count Nine, but find that death did not result, then you should also note that finding on the verdict form. If you find the defendant not guilty of Count Nine, you need not make any note whether death resulted on the verdict form.

GOVERNMENT INSTRUCTION NO. 27

18 U.S.C. § 2339A

31

**<u>COUNT ELEVEN</u>**

Count Eleven of the Second Superseding Indictment alleges that beginning no later than approximately late 2005, and continuing through on or about October 3, 2009, the defendant conspired with David Headley and others to provide material support, or to conceal or disguise the nature, location, source or ownership of such material support, to a conspiracy charged against David Headley and certain defendants in the Second Superseding Indictment, namely, the conspiracy to murder and maim in Denmark charged in Count Ten. For Count Eleven, the "material support or resources" need not have been provided to a particular or specified terrorist or terrorist group.

To sustain the charge of conspiracy as alleged in Count Eleven, the government must prove two elements:

First, that a conspiracy to provide material support or resources or to conceal or disguise the nature, location, source and ownership of such material support or resources existed, as charged in Count Eleven; and

Second, that the defendant became a member of the conspiracy, knowing or intending that the material support or resources provided, or concealed or disguised, were to be used in preparation for, or in carrying out, the conspiracy charged in Count Ten of the Second Superseding Indictment.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.

A conspiracy may be established even if its purpose is not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning, or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

Further, while the government must prove that the defendant knew or intended that the material support or resources in question were to be used in preparation for, or in carrying out, the two conspiracy charged in Count Ten of the Second Superseding Indictment, the government need not prove that the defendant himself or others actually committed murder and maiming in Denmark, or that there were specific targets or victims identified.

GOVERNMENT INSTRUCTION NO. 28

Seventh Circuit Committee (1999) 5.08 (modified). *See also Boim v. Holy Land Foundation for Relief and Development*, 549 F.3d 685, 692 (7th Cir. 2008) ("[B]ecause the criminal law focuses on the dangerousness of a defendant's conduct, the requirement of proving that a criminal act caused an injury is often attenuated and sometimes dispensed with altogether, as in the statutes that impose criminal liability on providers of material support to terrorism (18 U.S.C. § 2339A, B, and C), which do not require proof that the material support resulted in an actual terrorist act . . .."); *United States v. Hassoun*, 476 F.3d 1181, 1188 (11th Cir. 2007) (to prove a defendant guilty of violating Section 2339A, the government need not prove the elements of the predicate offense because the predicate offense "need not have been completed yet, let alone proven as an element of the material support offense"); *United States v. Stewart*, 590 F.3d 93, 119 (2d Cir. 2009) ("government need not have established beyond reasonable doubt that [the defendants] engaged in a conspiracy to kidnap or commit murder abroad [the underlying enumerated offense]; neither was charged with doing either. Instead, both were charged with and convicted of violating section 2339A . . .").

To establish the existence of the conspiracy charged in Count Eleven and its common purpose or purposes, the government need not establish that there existed a formal agreement to conspire. The agreement may be inferred from all the circumstances and conduct of all the alleged participants. The conspiracy may be proved by circumstantial evidence and reasonable inferences drawn from that evidence and the totality of their conduct.

GOVERNMENT INSTRUCTION NO. 29

*United States v. Armstead*, *et al.*, 02 CR 895 (Pallmeyer, J.); *United States v. Katalinich*, 113 F.3d 1475, 1482-83 (7th Cir. 1997); *United States v. Marren*, 890 F.2d 924, 933 (7th Cir. 1989); *United States v. Hooks*, 848 F.2d 785, 792 (7th Cir. 1988); and *United States v. Redwine*, 715 F.2d 315, 320 (7th Cir. 1983).

The terms "material support or resources, " "provide," "expert advice or assistance," and "personnel"  have been previously defined in the instructions for Count Nine.  You should apply those same definitions to Count Eleven.

In determining whether the defendant conspired to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such material support or resources, you must all agree that the defendant conspired to provide or conceal or disguise at least one of the forms of "material support or resources" listed above, however, you need not agree that the defendant conspired to provide each and every one.  In order to find the defendant guilty of Count Eleven, you must unanimously agree on at least one of the forms of "material support or resources" listed above.

GOVERNMENT INSTRUCTION NO. 30

When the word "knowing" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident. Knowledge may be proved by a defendant's conduct, and by all the facts and circumstances surrounding the case.

You may infer knowledge from a combination of suspicion or indifference to the truth. If you find that a person had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet shut his eyes for fear of what he would learn, you may conclude that he acted knowingly, as I have used that word.

GOVERNMENT INSTRUCTION NO. 31

Seventh Circuit Committee (1999) 4.06

The phrase "a conspiracy to murder and maim in Denmark" means an agreement between two or more individuals to commit in Denmark an act that would constitute the offense or murder or the offense of maiming if committed in the United States, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy.

The government need not prove that the defendant knew that his actions violated a specific statute or that he was breaking the law. It is sufficient for the government to prove that the defendant acted with the knowledge or intent that the material support or resources that he conspired to provide or conceal or disguise the nature, location, source and ownership thereof would be used in preparation for, or in carrying out, the conspiracy described above.

GOVERNMENT INSTRUCTION NO. 32

18 U.S.C. § 2339A; 18 U.S.C. 2332f(a)(1); and 18 U.S.C. § 956(a)(1).

## COUNT TWELVE

Count Twelve of the Second Superseding Indictment alleges that from approximately in or about late 2005, and continuing through on or about October 3, 2009, the defendant provided material support or resources to a designated foreign terrorist organization, namely, *Lashkar e Tayyiba.*

To sustain the charge as alleged in Count Twelve, the government must prove:

First, that the defendant knowingly provided material support or resources to Lashkar e Tayyiba; and

Second, that the defendant knew that Lashkar e Tayyiba was a designated terrorist organization, or knew that Lashkar e Tayyiba had engaged in or was engaging in terrorist or terrorism activity; and

Third, that one of the jurisdictional requirements, which I will explain in a moment, is satisfied.

GOVERNMENT INSTRUCTION NO. 33

18 U.S.C. § 2339B

With respect to the third element of Count Twelve – the jurisdictional requirement – the government must prove one of the following:

(a)     the defendant is a permanent resident alien of the United States; or

(b)     after the conduct required for this offense occurred, an offender was found in the United States; or

(c)     the offense occurred in whole or in part in the United States; or

(d)     the offense occurred in or affect foreign commerce; or

(e)     an offender aided or abetted any person over whom jurisdiction exists in committing the offense charged in Count Twelve.

The term "permanent resident alien" is someone who has been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

The term "foreign commerce" includes commerce between the United States and a foreign country.

GOVERNMENT INSTRUCTION NO. 34

18 U.S.C. § 2339B(d); 8 U.S.C. § 1101(a)(20) (definition of "permanent resident alien"); 18 U.S.C. § 10 ("The term 'foreign commerce,' as used in this title, includes commerce with a foreign country.").

The terms "material support or resources, " "provide," "expert advice or assistance," and "personnel" have been previously defined in the instructions for Count Nine. You should apply those same definitions to Count Twelve, except for the definition of the term "personnel." For the purposes of Count Twelve only, "personnel" means one or more persons, which can include the defendant's own person. The defendant must have knowingly provided a foreign terrorist organization with one or more individuals (who may include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives are not considered to be working under the foreign terrorist organization's direction and control.

GOVERNMENT INSTRUCTION NO. 35

18 U.S.C. § 2339B(h)

The term "knowing," or "knowingly," has already been defined in Counts Nine and Eleven. You should apply that same definition to Count Twelve.

GOVERNMENT INSTRUCTION NO. 36

I instruct you that Lashkar was designated as a "foreign terrorist organization" by the Secretary of State on December 26, 2001, and remained designated throughout the alleged conduct.

The term "terrorist activity" includes any activity which is unlawful under the laws of the place it was committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any particular State) and which involves any of the following: (1) the seizing or detaining, and threatening to kill, injure, or continue to detain another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (2) an assassination; (3) the use of any explosive, firearm, or other weapon or dangerous device other than for mere personal monetary gain, with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to or property; and (4) a threat, attempt, or conspiracy to do any of the above acts.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

GOVERNMENT INSTRUCTION NO. 37

18 U.S.C. § 2339B(a)(1); 22 U.S.C. § 2656(d)(2) (codifying Section 140(d)(2) of the Foreign Relations Authorization Act, definition of "terrorism"); 8 U.S.C. 1182(a)(3)(B) (codifying Section 212(a)(3)(B) of the Immigration and Nationality Act, definition of "terrorist activity").

The Second Superseding Indictment has alleged that the death of individuals resulted from the offense charged in Count Twelve. To prove the defendant guilty of Count Twelve, the government does not have to prove that death resulted. If you find the defendant guilty of Count Twelve, however, you then must determine whether the government has proven beyond a reasonable doubt that the death of individuals resulted from the offense charged in Count Twelve. If you find the defendant guilty of Count Twelve and conclude that death resulted, you should note that finding on the verdict form. If you find the defendant guilty of Count Twelve, but find that death did not result, then you should also note that finding on the verdict form. If you find the defendant not guilty of Count Twelve, you need not make any note whether death resulted on the verdict form.

GOVERNMENT INSTRUCTION NO. 38

18 U.S.C. § 2339B

43

Any person who knowingly aids, commands, or induces the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

GOVERNMENT INSTRUCTION NO. 39

Seventh Circuit Committee (1999) 5.06

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to those dates but is not required to prove that the alleged offenses happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 40

Seventh Circuit Committee (1999) 4.04

If you find a defendant guilty, it will then be my duty to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 41

*United States v. Aliwoli,* 225 F.3d 826, 830 (7th Cir. 2000)

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over you deliberations and will be your representative here in court.

Forms of verdict has been prepared for you.

[Form of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 42

Seventh Circuit Committee (1999) 7.01

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

GOVERNMENT INSTRUCTION NO. 43

Seventh Circuit Committee (1999) 7.03

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

GOVERNMENT INSTRUCTION NO. 44

Seventh Circuit Committee (1999) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 45

Seventh Circuit Committee (1999) 7.06

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 09 CR 830 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| TAHAWWUR RANA | ) | |

## VERDICT FORM

## COUNT NINE

With respect to Count Nine of the Second Superseding Indictment, we, the jury, find as follows as to defendant **TAHAWWUR RANA**:

GUILTY     ☐                    NOT GUILTY     ☐

If the defendant TAHAWWUR RANA is found guilty of Count Nine, please complete the following verdict form:

We, the jury, find as follows with respect to the aggravating circumstance charged in Count Nine:

DEATH RESULTED     ☐     DEATH DID NOT RESULT     ☐

51

## **COUNT ELEVEN**

With respect to Count Eleven of the Second Superseding Indictment we, the jury, find as

follows as to defendant **TAHAWWUR RANA**:


GUILTY   ☐                                NOT GUILTY   ☐

## COUNT TWELVE

With respect to Count Twelve of the Second Superseding Indictment, we, the jury, find as follows as to defendant **TAHAWWUR RANA**:

GUILTY ☐                    NOT GUILTY ☐

If the defendant TAHAWWUR RANA is found guilty of Count Twelve, please complete the following verdict form:

We, the jury, find as follows with respect to the aggravating circumstance charged in Count Twelve:

DEATH RESULTED ☐        DEATH DID NOT RESULT ☐

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

53

_____          _____

_____          _____

_____
DATE