IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-8 |
| | ) | |
| ILYAS KASHMIRI, et al. | ) | Hon. Harry D. Leinenweber |
| (Tahawwur Hussain Rana) | ) | |
| | ) | |
| Defendants. | ) | |

**CHICAGO TRIBUNE'S MOTION TO INTERVENE AND
CHALLENGE THE WHOLESALE FILING OF DOCUMENTS UNDER SEAL**

NOW COMES Chicago Tribune Company ("Tribune"), by its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 24(b)(2), and moves this Honorable Court to allow Tribune to intervene in this matter for the limited purpose of objecting to the sealing of, and obtaining access to, the *Santiago* proffer and other public records in this case that have been filed wholly under seal, without even a redacted version for the public to view. In support of this Motion, Tribune states as follows:

1.     Tribune respectfully submits that the total sealing of the *Santiago* Proffer and other pleadings in this case violates the public's strong First Amendment and common law rights of public access. As a part of our country's rich history of public access to criminal trials and fundamental belief that transparency is at the heart of justice, the United States Supreme Court has long recognized a First Amendment and common law *presumption* of public and press access to criminal court proceedings – including specifically pretrial pleadings and hearings. While recognizing the First Amendment right of public access is not absolute, Tribune submits that this paramount right cannot be set aside except in the face of express findings by this Court that compelling interests require otherwise. Not having seen the sealed Proffer or other pleadings, Tribune is at a distinct disadvantage. Yet, importantly, this Court is "the primary representative

of the public interest in the judicial process," *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999), and thus must appropriately scrutinize the asserted need for wholesale secrecy here. Furthermore, even were this Court to conclude that overriding compelling interests are genuinely present, the public's rights of access may be limited *only* to the extent necessary to vindicate those interests, and the Court is required to employ the least restrictive alternatives to sealing, such as, e.g., redactions, consistent with the First Amendment.

2. Tribune publishes the daily *Chicago Tribune*, which, for more than a century, has reported on newsworthy events and matters of public concern in the Chicago metropolitan area and beyond. The news media's First Amendment and common law rights to obtain access to judicial proceedings and records, and to report to the fullest extent possible on what transpires in the courtroom, is long-standing and especially critical in criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) ("[I]t would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted . . . .").

3. Those rights, and the public's interest in their vindication, are of paramount importance in this case. No one could question the public's interest in receiving information about a case alleging that a local businessman assisted in the planning of the notorious 2008 terrorist attack in Mumbai (*see* Second Superseding Indictment (Dkt. # 213); Bill of Particulars, (Dkt. # 223)); "[t]he case was already expected to be the most important terrorism trial ever in Chicago, but it has taken on even more significance since the killing of al-Qaida leader Osama bin Laden brought renewed attention to Pakistan's commitment to fighting terrorism as a key ally of the U.S. Testimony is also expected to reveal a troubling link between at least one of Rana's co-defendants and Pakistan's largest intelligence agency." Annie Sweeney, *Trial will probe alleged Chicago ties to Mumbai attack; Businessman charged with helping admitted scout*

*for terrorist group*, Chicago Tribune, May 5, 2011, http://articles.chicagotribune.com/2011-05-05/news/ct-met-rana-terrorism-trial-20110505_1_mumbai-attack-david-coleman-headley-tahawwur-hussain-rana.

4.      The Supreme Court and Seventh Circuit have recognized that those who seek to assert the right of public access to court proceedings and judicial records "'must be given an opportunity to be heard.'" *Globe Newspaper Co. v. Super. Ct. for Norfolk County*, 457 U.S. 596, 609 n.25 (1982) (citation omitted); *see also In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) (recognizing right of newspapers to intervene).  Tribune seeks to intervene in these ongoing proceedings, to present arguments and case law in support of the public's right of access to the Government's *Santiago* proffer (the "Proffer"), and more generally, to object to the parties' practice of filing motions and supporting documents wholly under seal, without even making a redacted version of the sealed document available to the public.

5.      The Protective Order entered in this matter sweepingly provides that "any motion, memorandum, or other document filed by the Defense that defense counsel knows, or has reason to believe, contains classified information in whole or in part, or any document the proper classification of which defense counsel is unsure, shall be filed under seal with the Court" (Dkt. # 83, ¶ 15); and that "[a]ny document filed by the Government containing classified information shall be filed under seal with the Court. . . ." (*Id.* at ¶ 16.)

6.      However, the Protective Order further provides, with respect to sealed filings by the Defense, that "[a]ll portions of any document filed by the Defense that do not contain classified information shall immediately be unsealed by the Court Security Officer and placed in the public record." (*Id.* at ¶ 15.)[1]  Nevertheless, the docket in this case reflects that the parties have filed numerous documents – approximately a quarter of the filings – wholly under seal or

---

[1] There is no similar provision for unsealing of the Government's sealed filings. *See id.* at ¶ 16.

"restricted" to the public.  (*See, e.g.*, Dkt. ## 43-49, 62-67, 78, 79, 93-95, 101-102, 106, 115-119, 121, 124, 126, 127, 129-135, 138, 143-145, 149-152, 156, 160, 168, 169, 173, 181-183, 189, 190, 201, 207, 217, 220, 226, 227, 231, 232, 235, 237, 242, 247-52.)  The docket does not indicate that any of these documents were subsequently unsealed or redacted.

7.     The Proffer, which the Court ordered the Government to file by April 1, 2011 (Dkt. # 171), was filed entirely in secret.  Indeed, the docket *does not even identify* the Proffer or when it was filed.  We can only surmise that it is the "SEALED Document by USA as to Ilyas Kashmiri, Abdur Rehman Hashim Syed, David C. Headley, Tahawwur Hussain Rana," filed April 20, 2011.  (Dkt. # 207.)  On May 6, 2011, Defendant Rana filed his "SEALED RESPONSE to Santiago Proffer."  (Dkt. # 235.)

8.     A long line of Supreme Court decisions recognize a *presumptive* First Amendment right of public access to the criminal justice system – including specifically pretrial pleadings and hearings, which often are as important as the trial itself.  *Press-Enterprise Co. v. Super. Ct. of California*, 464 U.S. 501, 508-10 (1984) ("*Press-Enterprise I*"); *Waller v. Georgia,* 467 U.S. 39, 46 (1984); *Presley v. Georgia*, 130 S. Ct. 721 (2010); *Richmond Newspapers, Inc.*, 448 U.S. at 564-69; *Globe Newspaper Co.*, 457 U.S. at 605-06.  In addition to the First Amendment right of access, the public also has a common law right of access to court files. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *In re Continental Ill. Sec. Litig.,* 732 F.2d 1302, 1308 (7th Cir. 1984) (noting "long-recognized" presumption of pubic access to judicial records which "has been characterized as fundamental to a democratic state").

9.     Following this established precedent, *Santiago* proffers are traditionally filed in the open public court file, and courts in this District have affirmatively held that such pretrial Proffers are subject to the presumption of public access.  *See United States v. Calabrese*, No. 02 CR 1050, Minute Order (directing Government to publicly file redacted *Santiago* proffer)

- 4 -

(attached as Exhibit 1); *United States v. Arnaout*, No. 02 CR 892, Minute Order (granting Tribune's access motion to *Santiago* proffer in terrorism-related prosecution under First Amendment) (attached as Exhibit 2); *United States v. Warner*, No. 02 CR 506, Minute Orders (granting Tribune's access motion and denying defendants' motion to seal *Santiago* proffer in public corruption trial of former Governor George Ryan) (attached as Exhibit 3).

10.     The First Amendment-based presumption of access to court proceedings and records, including the Proffer, can be overcome *only* by a showing that closure "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510.  To justify an order denying access, a trial court must:

> (1)     identify an overriding interest requiring denial of access;
>
> (2)     narrowly tailor the order to protect that interest (and, in doing so, specifically consider alternatives to denying access); and
>
> (3)     make specific findings adequate to support the decision that denying access is the only alternative that can serve that interest.

*Id.*

11.     "Overcoming the presumption [of access] . . . is a formidable task.  The court must be 'firmly convinced that disclosure is inappropriate before arriving at a decision limiting access.'" *Associated Press*, 162 F.3d at 506 (citing *Press-Enterprise I*, 464 U.S. at 510).  The common law presumption is equally as strong, and only can be overcome by a showing that the party seeking access to judicial records is doing so to use those records for "improper purposes"; "[a]ny doubts must be resolved in favor of disclosure." *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994); *see also Nixon*, 435 U.S. at 598.

12.     Certainly, wholesale sealing of court filings is entirely improper.  The Seventh Circuit has reiterated, time and again, that parties are not entitled to file entire documents under

seal without simultaneously filing either a public document with an accompanying sealed supplement or a sealed document with an accompanying public redacted version of that document. *E.g., United States v. Andreas*, 150 F.3d 766, 768 (7th Cir. 1998); *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). A Protective Order cannot be "so loose that it amounts . . . to giving each party carte blanche to decide what portions of the record shall be kept secret. Such an order is invalid." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *see also Krynicki,* 983 F.2d at 78 (litigant's designation of "every syllable of every deposition as confidential" was "profligate"; remanding for "a refined assessment of which information should remain confidential").

13. "[W]here the rights of the litigants come into conflict with the rights of the media and public at large, the trial judge's responsibilities are heightened" and "the litigants' purported interest in confidentiality must be scrutinized heavily," to ensure that a protective order is not being abused to shelter documents which are not truly confidential. *Grove Fresh,* 24 F.3d at 898-99. Here, Defendant and the Government appear to have indiscriminately filed documents, including the Proffer, wholly under seal. We are not aware of any showing by the Government that would overcome the strong presumption of public access to permit such blanket secrecy. Even were this Court to conclude, upon a proper showing, that any overriding compelling interests are genuinely present here, the public's rights of access may be limited ***only*** to the extent necessary to vindicate those interests, and the Court is required to employ the least restrictive alternatives to sealing, such as, e.g., redactions, consistent with the First Amendment.

14. Certainly, the mere assertion by the Government of national security or analogous interests is not an automatic ticket justifying blind acquiescence in requests for wholesale sealing

or closure.[2] The federal courts have routinely and expressly rejected Government arguments that these First Amendment requirements should not apply when the United States asserts that national security interests are at stake:

> History teaches us how easily the spectre of a threat to "national security" may be used to justify a wide variety of repressive government actions. A blind acceptance by the courts of the government's insistence on the need for secrecy, without notice to others, without argument, and without a statement of reasons, would impermissibly compromise the independence of the judiciary and open the door to possible abuse.

*In re Washington Post Co.*, 807 F.2d 383, 391-92 (4th Cir. 1986); *see also Union Oil Co. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Even disputes about claims of national security are litigated in the open.") (citing *New York Times Co. v. United States*, 403 U.S. 713 (1971)); *United States v. Progressive, Inc.*, 467 F. Supp. 990 (W.D. Wis. 1979)).

15. Access to the Proffer and other sealed documents is critical to Tribune's ability to report completely and accurately on the case, but it is equally as important that such access is ***prompt***. *Grove Fresh*, 24 F.3d at 897-98. The ability to obtain timely, accurate, and complete information is critical to Tribune's ability to promote public understanding of this case, and "[t]o delay or postpone disclosure undermines the benefits of public scrutiny and may have the same result as complete suppression." *Id.* at 897. Continuing to keep the Proffer and other sealed documents wholly off-limits to the public fosters a perception of unjustified secrecy in this public proceeding – a perception that harms the judicial process more than news media access ever could.

---

[2] Nor is invocation of the Classified Information Procedures Act ("CIPA"); the courts uniformly hold that "CIPA obviously cannot override a constitutional right of access." *United States v. Poindexter*, 732 F. Supp. 165, 167 n.9 (D.D.C. 1990); *see, e.g., In re Washington Post Co.*, 807 F.2d 383, 393 (4th Cir. 1986); *United States v. Ressam*, 221 F. Supp. 2d 1252, 1260-63 (W.D. Wash. 2002); *United States v. Pelton*, 696 F. Supp. 156, 157-58 (D. Md. 1986). Thus, to the extent the Government relies on CIPA, that does not relieve the Court of the procedural requirements and First Amendment test discussed herein.

- 8 -

WHEREFORE, Tribune respectfully seeks to exercise its First Amendment and common law rights to intervene and requests the Court grant immediate public access to the *Santiago* proffer and other sealed documents, or at the very least redacted versions of those documents, and allow them to be copied.

May 23, 2011                                    Respectfully submitted,

                                               By:     /s/ Natalie J. Spears
                                                       One of the attorneys
James A. Klenk (#01482599)                             for Chicago Tribune Company
Natalie J. Spears (#6230320)
Gregory R. Naron (#6207440)
Kristen C. Rodriguez (#6300697)
SNR DENTON US LLP
233 S. Wacker Drive
Suite 7800
Chicago, IL  60606
(312) 876-8000

KC/21467548

- 8 -

**CERTIFICATE OF SERVICE**

I, Natalie J. Spears, an attorney, hereby certify that on May 23, 2011, I electronically

filed the foregoing CHICAGO TRIBUNE'S MOTION TO INTERVENE AND

CHALLENGE THE WHOLESALE FILING OF DOCUMENTS UNDER SEAL and served all

ECF filers, pursuant to the district court's ECF system, on this 23rd day of May, 2011.

/s/ Natalie J. Spears