# EXHIBIT 1

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois — CM/ECF LIVE, Ver 3.0
### Eastern Division

UNITED STATES OF AMERICA

                           Plaintiff,

v.

                           Case No.: 1:02–cr–01050
                           Honorable James B. Zagel

Nicholas W Calabrese, et al.

                           Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 17, 2007:

        MINUTE entry before Judge James B. Zagel :In court hearing held. Motion to unseal document [423] is granted in part and denied in part as to James Marcello (2), Joseph Lombardo (3), Frank Calabrese Sr (4), Frank Schweihs (5), Paul Schiro (7), Michael Marcello (8), Nicholas Ferriola (9), Anthony Doyle (10), Thomas Johnson (12), Joseph Venezia (13), Dennis Johnson (14). Redacted Santiago proffer due 4/19/2007. Mailed notice (drw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

# EXHIBIT 2

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 892 | **DATE** | 1/28/2003 |
| **CASE TITLE** | UNITED STATES vs. ENAAM M. ARNAOUT | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Chicago Tribune's motion for immediate unsealing of the government's *Santiago* proffer and related motions *in limine* is granted; the request for unsealing the appendix to the *Santiago* proffer is moot. The clerk is ordered to unseal the following: government's evidentiary proffer supporting admissibility of co-conspirator statements [110-1]; defendant's response and objections to *Santiago* proffer [129-1]; defendant's motion to preclude reference to alleged bad acts of others [94-1] and government's response [124-1]; defendant's motion to exclude Bosnian video [95-1] and government's response [126-1]; defendant's motion to exclude items seized in Bosnia [93-1] and government's response [125-1]; defendant's motion to exclude evidence of historical events, etc.[90-1] and government's response [127-1]. [See Reverse for Details]

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. *AND* | | Document Number |
| X | Notified counsel by telephone. | JAN 2 9 2003 | |
| | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | docketing deputy initials | 150 |
| | Copy to judge/magistrate judge. | | |
| | CB courtroom deputy's initials | U.S. DISTRICT COURT 1/28/2003 date mailed notice PW7 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

## ORDER

Chicago Tribune intervened to gain access to the government's *Santiago* proffer, which was filed under seal with an appendix of 248 documents marked as government exhibits. Now the government indicates it does not intend to use approximately 206 of those exhibits, at least in its case-in-chief. Chicago Tribune also seeks the unsealing of motions *in limine* and pretrial conferences pertaining to the *Santiago* proffer.[1] Defendant Enaam Arnaout objects to unsealing the proffer because selection of a jury is imminent in this highly-publicized case; the proffered hearsay documents are of disputed admissibility and of an unfairly prejudicial nature.

As fully explained in the portion of the *Santiago* proffer already unsealed by the court, the government's submission seeks a pretrial ruling that otherwise inadmissible hearsay statements satisfy criteria for admissibility under the co-conspirator exception to the hearsay rule. *See* Fed.R.Evid. 801(d)(2)(E); *United States v. Hunt*, 272 F.3d 488, 494 (7th Cir. 2001); *United States v. Santiago*, 582 F.2d 1128, 1134 (7th Cir. 1987). The sufficiency of the *Santiago* proffer has not been resolved. Even assuming the court finds the proffer adequate, admissibility is not a foregone conclusion because issues of authenticity, foundation, relevancy, probative value and unfair prejudice may remain. None of the appendix exhibits have been admitted into evidence, and it appears that most will never be because the government has chosen not to use them at trial.

Arnaout correctly surmises the nature of some documents is inflammatory. Some pertaining to him are about events long ago and do not reflect criminal conduct or any relationship with his charity, Benevolence International Foundation. Some documents pertain to misconduct of others not clearly related to the indictment. However, it is apparent that the narrative and characterizations in the proffer reflect matters alleged in the indictment; those matters have been the subject of intense media coverage and will likely continue to be so, whether or not the proffer is unsealed. Matters discussed in the proffer appear to be cumulative of past media coverage.

Arnaout is correct: media coverage will make selection of a fair and impartial jury a daunting task. The court disagrees with the curious view of the government and Chicago Tribune that jury selection in this case is comparable to high-profile local official corruption cases like *Loren-Maltese* and *Fawell*. Those cases do not implicate the public trauma this country has suffered because of terrorism, deeply affecting our national and individual lives like no other event in recent history. Nor do cases involving corrupt local politicians test our ability to conduct a fair and impartial trial following a barrage of local, national and international publicity, particularly in the wake of the Attorney General's remarkable press conference announcing this indictment.

With the cooperation of counsel, the court shall endeavor to select a fair and impartial jury. However, the court is unable to specifically find, as the First Amendment requires, that sealing the *Santiago* proffer and related motions is essential to prevent a substantial probability that Arnaout's right to a fair trial will be prejudiced, or that careful examination of prospective jurors and cautionary instructions will not suffice to protect his constitutional rights.

*Suzanne B. Conlon*

---

[1] The merits of the proffer were not the subject of any hearing or pretrial conference; all scheduling orders were docketed on the public record.

# EXHIBIT 3

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 506 - 1, 4 | **DATE** | 1/4/2005 |
| **CASE TITLE** | USA vs. Warner, Ryan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion Of Chicago Tribune To Intervene And For Immediate Access To Public Records Under Seal is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | JAN 0 5 2005 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | | |
| ETV | courtroom deputy's initials | 2005 JAN -4 PM 5:15 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 506 - 1, 4 | **DATE** | 1/4/2005 |
| **CASE TITLE** | USA vs. Warner, Ryan | | |

**MOTION:**    [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Motion For Reconsideration is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JAN 0 5 2005 | | 222 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | | |
| ETV | courtroom deputy's initials | 2005 JAN -4 PM 5: 15 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |